IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SCOTT F. MIMMS, individually, and on behalf of a class of similarly situated persons, :
:
:
:
Plaintiff, :
:
v. : CASE NO.: 4:07-CV-14 (WLS)
:
WELLS FARGO HOME MORTGAGE COMPANY, a division of Defendant WELLS FARGO BANK, N.A., :
:
:
:
Defendant. :

## ORDER

Presently pending before the Court is Plaintiff's Motion to Stay. (Doc. 31). For the reasons articulated below, Plaintiff's Motion to Stay (Doc. 31) is **GRANTED**. Therefore, the above-captioned matter is **STAYED** pending resolution of the plaintiff's "Motion to Certify a Question of Law to the Georgia Supreme Court" in Schorr v. Countrywide Home Loans, Inc., No. 4:07-CV-00019-WLS (M.D. Ga.).

## BACKGROUND

Plaintiff brings this action individually and on behalf of a purported class of similarly situated people for Defendant's alleged violations of O.C.G.A. § 44-14-3. The statute generally allows for liquidated damages of $500, plus attorneys fees and other compensatory damages, if prior written notice had been submitted by the injured party and a violation is found. O.C.G.A. § 44-14-3(c); *see* Suntrust Bank v. Hightower, 660 S.E. 2d 745, 746-47 (Ga. App. 2008). Similar actions are currently pending in this Court. *See, e.g.*, Schorr v. Countrywide Home Loans, Inc., No. 4:07-CV-00019-WLS (M.D. Ga.); Johnston v. HomeQ Servicing Corp., No. 4:07-CV-25-WLS (M.D. Ga.).

1

## DISCUSSION

Plaintiff moves to stay the above-captioned action pending resolution of the plaintiff's "Motion to Certify a Question of Law to the Georgia Supreme Court" in <u>Schorr</u>. In <u>Schorr</u>, the plaintiff made a motion for the sending of the following certified question of state law to the Georgia Supreme Court:

> Whether in a class action lawsuit the absent class members are deemed to have satisfied the written demand requirement for liquidated damages addressed in O.C.G.A. § 44-14-3 through the named Plaintiffs' satisfaction of the written demand requirement.

<u>Schorr v. Countrywide Home Loans, Inc.</u>, No. 4:07-CV-00019-WLS, at Doc. 27 (M.D. Ga.). A ruling on the <u>Schorr</u> motion to certify has not yet been made. Plaintiff asserts that the issue pending certification in <u>Schorr</u> is identical to a material issue in the instant case. (Doc. 31 at 2). Defendant's Opposition to Plaintiff's Motion to Stay argues that the request to certify in <u>Schorr</u> "lacks any merit whatsoever" and that the attempt to certify "would waste both the parties' and the respective state and federal judicial systems' time, energy, and resources." (Doc. 32 at 3).

Defendant has made no argument that the question being certified to the Georgia Supreme Court lacks any relation to a material issue in the instant case. Defendant's arguments regarding the merits and efficacy of the <u>Schorr</u> question are inapposite here. The Court finds that it is appropriate to stay the above-captioned action until the <u>Schorr</u> motion is resolved. Therefore, Plaintiff's Motion to Stay (Doc. 31) is **GRANTED** the above-captioned action is **STAYED** pending the ruling on the "Motion to Certify a Question of Law to the Georgia Supreme Court" in <u>Schorr v. Countrywide Home Loans, Inc.</u>, No. 4:07-CV-00019-WLS (M.D. Ga.), and the ruling of the Georgia Supreme Court if that motion is granted.

## CONCLUSION

For the reasons articulated above, Plaintiff's Motion to Stay (Doc. 31) is **GRANTED**. Therefore, the above-captioned matter is **STAYED** pending resolution of the plaintiff's "Motion to

Certify a Question of Law to the Georgia Supreme Court" in <u>Schorr v. Countrywide Home Loans, Inc.</u>, No. 4:07-CV-00019-WLS (M.D. Ga.).

The Court further **ORDERS** the above-captioned case to be administratively closed, and to be reopened upon either (i) the denial of the "Motion to Certify a Question of Law to the Georgia Supreme Court" or (ii) the issuance of an opinion by the Georgia Supreme Court upon the granting of the motion to certify, whichever occurs in <u>Schorr v. Countrywide Home Loans, Inc.</u>, No. 4:07-CV-00019-WLS (M.D. Ga.). When one of these two events occurs, Plaintiff shall inform the Court by filing a written motion to reopen the case. Defendant is also authorized to likewise file a motion to reopen the case.

**SO ORDERED**, this  19th  day of May, 2010.

     /s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**