IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SCOTT F. MIMS, Individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, a division of Defendant WELLS FARGO BANK, N.A.,<br><br>Defendant. | CASE NO.:   4:07-CV-14 (WLS) |
| LESLIE JOHNSTON and SONIA JOHNSTON, Individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HOMEQ SERVICING CORPORATION,<br><br>Defendant. | CASE NO.:   4:07-CV-25 (WLS) |

## **ORDER**

Presently before the Court are Joint Motions for Consolidation and Joint Motions for Additional Time to File Settlement Documents. (Case No. 4:07-CV-14, Docs. 66 & 68; Case No. 4:07-CV-25, Docs. 67 & 69.) Federal Rule of Civil Procedure 42(a) allows a district court to consolidate "actions involving a common question of law or fact." This rule codifies a district court's "inherent managerial power" to control and marshal the

1

cases on its docket to promote economy of time and effort. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). District courts should "make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1169 (11th Cir. 1995) (citation, quotations, and alterations omitted). Before consolidation, a court should weigh the risk of prejudice and confusion against the possibility of inconsistent adjudications and burden on the parties, witnesses, and the court. *Hendrix*, 776 F.2d at 1495.

The Parties in the captioned cases request consolidation because the "cases involve common questions of law or fact and, as such, move this Court to consolidate these cases in the interests of judicial economy and in order to settle the same more efficiently." (Case No. 4:07-CV-14, Doc. 66 at 2; Case No. 4:07-CV-25, Doc. 67 at 2.) The Court agrees that consolidation is appropriate in this matter. The cases both involve a putative class action against mortgage companies for the alleged failure to cancel security deeds within sixty days of the underlying loan being paid in full as required by Ga. Ann. Stat. § 44-14-13. Both raise identical causes of action and involve the same statutory schemes. Because the Parties request consolidation for the purpose of settling both cases, the Court finds that consolidation will reduce delay and inefficiency. For those reasons, the Parties' Joint Motions for Consolidation (Case No. 4:07-CV-14, Doc. 66; Case No. 4:07-CV-25, Doc. 67) are **GRANTED.** The clerk of the Court is hereby directed to consolidate the above-captioned cases.

Also, the Parties request an extension until July 28, 2014 to file the necessary settlement documents. Because the referenced cases involve potentially complex class action suits, the Court finds that an extension is appropriate. Thus, the Parties' Joint Motions for Additional Time to File Settlement Documents (Case No. 4:07-CV-14, Doc. 68; Case No. 4:07-CV-25, Doc. 69) are **GRANTED.**

**SO ORDERED**, this  1st  day of July 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**